IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES F. WEBB, # B40022, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00945-SMY |
| | ) |
| STEPHEN DUNCAN, MR MOORE, | ) |
| MRS TREADWAY, PHILIP MARTIN, | ) |
| MRS CUNNINGHAM, DR. JOHN COE, | ) |
| MR JAMES, ADMINISTRATIVE | ) |
| REVIEW BOARD, MR HORTON, | ) |
| LAWRENCE CORRECTIONAL | ) |
| CENTER, WEXFORD HEALTH | ) |
| SERVICES INC., STATEVILLE | ) |
| CORRECTIONAL CENTER, A VYAS, | ) |
| LESLIE MCCARTY, UNKNOWN | ) |
| PARTIES, ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, STATE OF ILLINOIS, | ) |
| MRS NEW, and ONE RADIOLOGY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Webb, who is currently on parole from Big Muddy Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1, p. 1). According to the Complaint, X-rays ordered by doctors at Stateville Correctional Center in early February 2015 showed Plaintiff had a large soft tissue mass on his hand. (Doc. 1, p. 19). The Complaint further alleges that Dr. John Coe reviewed X-rays taken of Plaintiff's injuries on March 27, 2015, after Plaintiff was transferred to Lawrence Correctional Center. Only after Plaintiff was transferred to Big Muddy Correctional Center in October 2015 and put under the care of Dr. Blicholf in February 2016 was he allegedly told that his hand had giant cell tumors requiring surgery without which he would lose his finger. (Doc. 1, pp. 21-22). As of March 3, 2016, the allegations in the Complaint imply

that Plaintiff had yet to receive the surgery that was deemed necessary by medical professionals. (Doc. 1, p. 23). As a result, Plaintiff endured over one year of pain. (Doc. 1, p. 4).

In his Complaint, Plaintiff maintains that twenty parties are liable for violating his right to receive adequate care under the Eighth Amendment and under Illinois state law. (Doc. 1, p. 19). Plaintiff has named a number of medical staff, administrative staff and counselors at Lawrence, including Dr. John Coe, Mr. James, an unknown nurse on the prison's medical staff, Mrs. Cunningham, Philip Martin, Mr. Horton, Mrs. New, Warden Duncan, Warden Moore, Warden Treadway and an unnamed grievance officer. (*Id.*) He has also named the Lawrence Correctional Center and the Stateville Correctional Center as defendants, as well as the State of Illinois, the Illinois Department of Corrections, the Illinois Administrative Review Board, an employee of the Board, Wexford Health Services, an outside company named One Radiology and an employee of One Radiology. (*Id.*) Plaintiff seeks monetary damages. (Doc. 1, p. 24).

## **Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out non-meritorious claims and to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(a) and (b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Based on these standards, Plaintiff's Complaint survives preliminary review, in part.

## The Complaint

According to the Complaint, after being arrested on December 1, 2014, Plaintiff requested medical care from the Princeton Police Department for injuries to his hand and lower back. (Doc. 1, p. 19). Though he was scheduled to receive treatment, he was transported to Stateville before it could be completed. (*Id.*) While a prisoner at Stateville, a large soft tissue mass was discovered on Plaintiff's hand and/or finger on approximately February 9, 2015 after X-rays were conducted. (*Id.*) Before he received further treatment at Stateville, Plaintiff was transported to Lawrence. (*Id.*) Plaintiff alleges that he submitted a request for medical treatment of his hand and lower back the day he arrived at Lawrence, on February 27, 2015, but that he was not called to have X-rays done until March 25, 2015. (Doc 1, p. 20).

Plaintiff alleges that Defendant Dr. John Coe met with him on March 27, 2015 and stated that he had received a report on the X-rays from Defendant One Radiology which indicated that Plaintiff had his injuries as far back as 2012. (*Id.*) Plaintiff met with Dr. Coe again on June 1, 2015 and Dr. Coe allegedly stated he would not take any action to fix Plaintiff's hand. (*Id.*) Plaintiff alleges Dr. Coe was hostile and authoritative during this conversation, and that, because Dr. Coe refused to treat him, Plaintiff filed a grievance against him for inadequate medical treatment on September 16, 2015. According to Plaintiff, the grievance was returned because, "they felt my pain and suffering due to doctor John Coe of the treatment of my hand was not an emergency to them." (Doc 1, pp. 20-21).

Plaintiff further alleges that Dr. Coe continued his abuse in later visits, during which he delayed treating Plaintiff, claiming that more tests needed to be done and, eventually, told Plaintiff there was nothing wrong with his finger, despite Plaintiff allegedly being "in a state of pain all the time." (Doc. 1, pp. 4, 21). Plaintiff filed another grievance on October 10, 2015 for inadequate medical treatment and unprofessional conduct by Dr. Coe. (Doc. 1, p. 21).

October 14, 2015, Plaintiff was transported to Big Muddy River Correctional Center where he allegedly requested treatment for his hand and back and filed another grievance "for not responding back." (Doc. 1, pp. 21-22). Plaintiff received a referral from Dr. Larson for treatment of his finger, and in November 2015, received an ultrasound and was informed that he would be allowed to consult with an outside physician for his condition. (Doc. 1, p. 22).

On February 12, 2016, Plaintiff was informed by Dr. Eleanor Blicholf that he had giant cell tumors on his hand and/or finger and would need surgery in order to save his finger. (*Id.*) The last treatment reported by Plaintiff in his Complaint occurred in early March 2016 when he

was transported to Saint Louis University Hospital and met with Dr. Bruce Kraemer. (Doc. 1, p. 23). Plaintiff alleges that he was in pain "all the time" from his condition. (Doc. 1, p. 4).

Plaintiff sues a total of twenty defendants -- eleven Lawrence officials, various private and government entities and employees. He asserts an Eighth Amendment deliberate indifference to medical needs claim against them. (Doc. 1, p. 19). He also seeks this Court's jurisdiction over a medical malpractice/negligence claim related to these events. Plaintiff requests monetary damages against Defendants in an unspecified amount.

## Discussion

The Court begins its § 1915A review with a note about the parties at issue in this case. Throughout his Complaint, Plaintiff refers to the conduct of some individuals not named in his caption or his defendant list. Specifically, he states that he complained to or was treated by a Princeton Police Department deputy and nurse, a Stateville doctor, Dr. Claude Owikotipm, Dr. Larson, Dr. Eleanor Blicholf and Dr. Bruce Kraemer. Given that Plaintiff has taken great pains to name a number of officials as defendants, the Court does not construe Plaintiff's Complaint as naming these individuals as defendants. Because these parties are not listed in Plaintiff's caption by name or by Doe designation, they will not be treated as defendants in this case and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

Turning to the allegations in Plaintiff's Complaint, the Court finds it proper to divide the remaining claims into the following counts. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court.

> **COUNT 1:** Starting in 2015 and ending in early 2016 or late 2015, Dr. Coe failed to properly treat the tumors on Plaintiff's hand and/or finger and his back pain in violation of Plaintiff's Eighth Amendment rights.

> **COUNT 2:** Defendants Duncan, Moore, Treadway, Cunningham, James, Horton, unnamed grievance offer, unnamed nurse's medical staff, McCarty, Vyas, and James violated Plaintiff's Eighth Amendment rights by being involved somehow in providing Plaintiff's medical care and rejecting requests and denying grievances that he filed concerning his care.
>
> **COUNT 3:** Wexford Health Service, One Radiology, Lawrence, Stateville, the Administrative Review Board, IDOC, and the State of Illinois violated Plaintiff's Eighth Amendment rights concerning his treatment.
>
> **COUNT 4:** Defendants committed medical malpractice/negligence concerning the treatment of Plaintiff's medical needs while he was incarcerated.

**Count 1**

The Eighth Amendment of the United States Constitution bars the cruel and unusual punishment of prisoners, and prison officials violate this proscription "when they display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To bring an Eighth Amendment claim against a physician, a prisoner has two hurdles to clear: he must first show that his medical condition is "objectively" serious, and he must then allege that the medical professional acted with the requisite state of mind. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

For screening purposes, Plaintiff has alleged the existence of an objectively serious medical condition. An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Plaintiff's hand tumors and back injury qualify as serious, at least at this

preliminary stage of the case. Tumors that threaten an individual's extremities would be considered serious by any reasonable layperson or physician and Plaintiff has alleged substantial pain with respect to his back injury. *See id.* at 1372 n.7.

Plaintiff's Complaint also sufficiently alleges that Dr. Coe acted with deliberate indifference. To be sure, "medical malpractice, negligence, or even gross negligence" by a physician "does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006). Because deliberate indifference is such a demanding state of mind requirement, there is no constitutional violation merely because a physician's treatments ultimately prove ineffective. *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Nor is there a constitutional violation solely because a doctor refuses to give a prisoner the exact treatment he wishes. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

That said, deliberate indifference can exist if a professional's decision represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). It can also exist when an official fails to provide any treatment for a medical condition, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), when an official persists with ineffective treatment for a medical problem, *Greeno*, 414 F.3d at 655, or when an official delays medical treatment or needlessly prolongs a prisoner's pain, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

When the Plaintiff's Complaint is construed liberally and all inferences are drawn in his favor, Plaintiff claims that Dr. Coe, having reviewed X-rays of Plaintiff's condition and knowing that Plaintiff was in pain, unnecessarily delayed treating him, ultimately refused to treat him and verbally abused and demeaned him, rather than considering a referral to a specialist or treating

his condition. Those allegations give Dr. Coe notice of Plaintiff's claim and sufficiently state a claim for deliberate indifference against Dr. Coe at this juncture. Accordingly, Count 1 will proceed.

### Count 2

Plaintiff alleges that Defendants Duncan, Moore, Treadway, Cunningham, James, Horton, unnamed grievance offer, unnamed nurse's staff, McCarty, Vyas and James also violated the Eighth Amendment when they rejected grievances or other requests or correspondence concerning Plaintiff's treatment. This claim fails as the denial of a grievance or the rejection of a letter by an official, standing alone, is not enough to violate the United States Constitution. *See, e.g., George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). It is true that a prison official might be liable if an inmate tells the official of an ongoing medical problem that is not being treated and the official does nothing, *see Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015), but Plaintiff's allegations as to what he told these specific Defendants are too thin to support that type of claim.

Plaintiff alleges only that he filed grievances with McCarty about his "medical treatment" and "staff conduct and medical treatment," respectively. He does not state what he told her in the grievances about his medical issues or the conduct of Dr. Coe, nor has he attached the grievances to his Complaint. As for New, unnamed grievance officer, unnamed nurse's medical staff defendant, Horton, Cunningham, Martin, Moore, and Duncan, Plaintiff alleges that he made requests and/or filed grievances to these defendants relating to some variation of his "injured

hand," "finger issue," "problems concerning [his] finger," and his "situation", but fails to state what was in those grievances except a simple request for "help." Without describing what he told these individuals, Plaintiff cannot state a claim against them.

Further, with respect to James, Plaintiff does not mention him in the narrative of his Complaint, describe what he may have discussed with him in any detail, or indicate how James was indifferent to his needs as the physician assistant at Lawrence. Plaintiff simply alleges that James referred him to Coe. This fact alone does not give rise to a viable deliberate indifference claim.

As to Vyas, Plaintiff similarly does not include him in the narrative of his Complaint and indicates only that he was "the X-ray person" who oversaw X-rays for Coe. No specific allegation of indifference or misconduct is made regarding Vyas. Further, Plaintiff failed to indicate that he ever requested or received assistance from Vyas at all. Vyas should therefore be dismissed from this case. For these reasons, Count 2 will be dismissed without prejudice.

**Count 3**

Plaintiff names several private and governmental entities as defendants, claiming they also violated his constitutional rights. With respect to Wexford Health Services and One Radiology, Plaintiff fails to allege any facts to indicate how or why they are individually liable. Wexford cannot be liable merely because Dr. Coe may have worked for Wexford at the time that he provided care to Plaintiff. Section 1983 requires personal liability on the part of each defendant named in a case and the doctrine of *respondeat superior* is inapplicable in the constitutional tort context, including for private corporations like Wexford. *See Shields v. Illinois Dep't of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Similarly, One Radiology may not be liable merely because it was the "site that Dr. John Coe used to compare and view X-rays for

Lawrence" or because Wexford contracted with both it and Lawrence to provide medical services to inmates. (Doc. 1, p. 6). Rather, Plaintiff can only state a claim against Wexford or One Radiology if he alleges that either had an unconstitutional policy or practice that played a role in this constitutional violation. *Olive v. Wexford Corp.*, 494 F. App'x 671, 672-73 (7th Cir. 2012). Plaintiff has made no allegations on that front. Thus, Plaintiff has failed to state a viable claim against Wexford and One Radiology and they will be dismissed without prejudice.

The State of Illinois, IDOC, the Administrative Review Board, Stateville and Lawrence are likewise not viable defendants in this action, as "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" subject to suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, the State of Illinois and its agencies are shielded from suit on sovereign immunity grounds because the Eleventh Amendment prohibits private parties from filing a federal lawsuit for money damages against a state, state agency or state official unless the state waives its Eleventh Amendment immunity by consenting to suit or Congress unequivocally abrogates the state's immunity. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Illinois has not consented to suit in this case and it is well-settled that Congress did not abrogate states' sovereign immunity when it enacted § 1983. *Id.*; *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Because Plaintiff seeks only money damages in this suit, all of these remaining defendants must be dismissed without prejudice.

## Count 4

Plaintiff also brings claims of medical malpractice/negligence against Defendants, based on the same conduct detailed above. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of

operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, to succeed in a claim of medical malpractice, "the burden rests with the plaintiff to prove the following elements: 'the proper standard of care against which the defendant physician's conduct is measured; an unskilled or negligent failure to comply with the applicable standard; and a resulting injury proximately caused by the physician's want of skill or care.'" *In re Detention of Duke*, 2013 IL App (1st) 121722, ¶ 18 (citing *Purtill v. Hess*, 489 N.E.2d 867 (1986)). Although Plaintiff seeks bring claims for medical malpractice/negligence against all named defendants, the above described allegations, with the exception of those made against Dr. Coe, do not give rise to viable medical malpractice claims. Plaintiff's allegations with respect to the other defendants lack even the minimal level of factual detail required to satisfy the elements of medical malpractice in Illinois, taking into account the standard articulated in *Twombly*.

Further, although the allegations against Dr. Coe appear to be sufficient to survive threshold review for a malpractice claim, Plaintiff's failure to meet the pre-suit requirements for medical malpractice claims in Illinois prevent this claim from proceeding against him. Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health

professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or certificates. Therefore, the claim in Count 4 shall be dismissed. However, the dismissal shall be without prejudice at this time and Plaintiff shall be allowed 35 days from the date of this order to file the required material. Should Plaintiff fail to timely file that material, the dismissal of Count 4 shall become a dismissal with prejudice**.**

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

Plaintiff has filed a motion for service of process (Doc. 4), which is hereby **DENIED** as moot because Plaintiff has been granted pauper status. Service shall be ordered below.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **COE**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED without prejudice**. If Plaintiff wishes to reinstate his medical malpractice claims against **COE**, Plaintiff shall file the required affidavits pursuant to §5/2-622 within 35 days of the date of this order (**on or before February 7, 2017**).  Further, Plaintiff shall timely file the required written report or reports of a qualified health professional, in compliance with §5/2-622.  Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 4** shall become a dismissal **with prejudice**.

Because there are no viable claims against them, Defendants **DUNCAN**, **MOORE**, **TREADWAY**, **MARTIN**, **CUNNINGHAM**, **JAMES**, **ADMINISTRATIVE REVIEW BOARD**, **HORTON**, **LAWRENCE CORRECTIONAL CENTER**, **WEXFORD HEALTH SERVICES INC.**, **STATEVILLE CORRECTIONAL  CENTER**, **VYAS**,  **MCCARTY**, **UNKNOWN PARTIES**, **ILLINOIS DEPARTMENT OF CORRECTIONS**, **STATE OF ILLINOIS**, **NEW**, and **ONE RADIOLOGY** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for

Defendant **COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Coe is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge Reona J. Daly for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 3, 2017**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**U.S. District Judge**
